IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,918






EX PARTE ANDRE DEMAR GIPSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-07-302550 IN THE 331ST DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty eight years' imprisonment. His direct appeal was dismissed due to
lack of jurisdiction. Gipson v. State, No. 03-08-00721-CR (Tex. App.-Austin October 1, 2009).

 Applicant contends that he was denied his right to appeal because the notice of appeal was
untimely filed. The trial court has determined that counsel failed to timely file a notice of appeal. 
We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment
of conviction in Cause No. D-1-DC-07-302550 from the 331st District Court of Travis County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of
this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to
represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been
imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: November 14, 2012

Do not publish